UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

RAMON JIMENEZ and JAMIE JIMENEZ,

   Plaintiffs,         MEMORANDUM & ORDER
  v.             05-CV-3524 (NGG) (CLP)

CRAIG DANIEL and MARTEN TRANSPORT,
LTD.,

   Defendants.

-----------------------------------------------------------X
GARAUFIS, United States District Judge.

  Before this court is a motion by Defendants Craig Daniel ("Daniel")[1] and Marten Transport, Ltd. (collectively, "the Defendants") to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3) for lack of personal jurisdiction and improper venue. Defendants' motion to dismiss is DENIED. This court has no personal jurisdiction over Defendants. However, it is in the interests of justice to transfer this matter to a judicial district that has personal jurisdiction over Defendants and where venue is proper. This court will therefore hold this case open for thirty (30) days for the parties to inform the court of the judicial district in Pennsylvania in which the automobile accident occurred in accordance with 28 U.S.C. § 1406(a).

I.  **FACTUAL BACKGROUND**

  This is a personal injury case brought by plaintiffs Ramon Jimenez and Jaime Jimenez (collectively, "the Plaintiffs"), seeking money damages for injuries sustained in connection with an automobile accident between Plaintiffs and a vehicle operated by Daniel and owned by

---

[1] I note without ruling on Defendants' objection that named defendant "Craig Daniel" is actually "Daniel Craig."

Marten Transport, Ltd. that occurred at or near Loss City, Pennsylvania on July 27, 2003. (Pls.' Mem. Opp. Defs.' Mot. at 1.) Plaintiff Ramon Jimenez resides in Brooklyn, New York, and Plaintiff Jaime Jimenez resides in Manhattan, New York. (Id. at 2.) Defendant Daniel resides in Bonne Terre, Missouri. (Id.) Defendant Marten Transport, Ltd. is a corporation registered in Delaware, with its principle place of business in Mondovi, Wisconsin. (Id.)

## II. ANALYSIS

### A. Personal Jurisdiction

Defendants argue that Plaintiffs have not made a *prima facie* demonstration of this court's personal jurisdiction over Defendants. Defendants submitted affidavits stating that Daniel is a non-domiciliary who does not own, possess or use any property in New York, or transact or solicit business in New York beyond two business trips in which he drove through New York State, and Marten Transport, Ltd. has no offices, property, phone listings or numbers, mail drops, representatives, employees or agents who work in New York, and only occasionally solicit business within the state. (Defs.'s Mem. Supp. Mot. at 6; Craig Aff., ¶¶ 1-17; Foster Aff., dated Nov. 4, 2005 ¶¶ 1-13.)[2] The Plaintiffs respond that Daniel's two trips through New York State, and Marten Transport, Ltd.'s earnings from clients in New York (estimated at less than one percent of its gross revenue), are sufficient to establish personal jurisdiction over Defendants. (Pls.'s Mem. Opp. Mot. at 4; see also Craig Aff., ¶ 14; Foster Aff., dated Nov. 4, 2005 ¶ 13.)

A court considering a motion to dismiss a complaint under Rule 12(b)(2) for want of

---

[2] I note for the record that Craig's affidavit is not dated, and Foster's affidavit does not indicate what position he has in Marten Transport, Ltd. that qualifies him as a representative for that defendant. (See Craig Aff.; Foster Aff., dated Nov. 4, 2005.) However, inasmuch as Plaintiff does not oppose or offer any evidence that contradicts Defendants' assertions, I accept Defendants' representations in these affidavits for the limited purpose of this motion.

personal jurisdiction must first apply the law of the state where the federal court sits to determine personal jurisdiction over a defendant. Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 784 (2d Cir. 1999). Under Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure, the service of a summons establishes personal jurisdiction over a defendant "who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located." Id. If jurisdiction is established, the court must then determine whether the exercise of jurisdiction under the relevant state law would violate the defendant's due process rights. Bank Brussels Lambert, 171 F.3d at 784.

"The plaintiff bears the burden of establishing that the court has jurisdiction over the defendant." DiStefano v. Carozzi North America, Inc., 286 F.3d 81, 84 (2d Cir. 2001) (citing Bank Brussels Lambert, 171 F.3d at 784). Where a court does not conduct a "'full-blown evidentiary hearing, . . . the plaintiff need make only a *prima facie* showing of jurisdiction through its own affidavits and supporting materials'" to survive a motion to dismiss under Rule 12(b)(2). Bank Brussels Lambert, 171 F.3d at 784 (quoting Marine Midland Bank, N.A. v. Miller, 664 F.2d 899, 904 (2d Cir. 1981)).

The parties agree that personal jurisdiction in this case is governed by New York's long arm statute, N.Y. Civ. Prac. Law & R. § 302, specifically Section 302(a)(1). The statute states, in relevant part, that a court may exercise jurisdiction over a party that "transacts any business within the state or contract anywhere to supply goods or services in the state." N.Y. Civ. Prac. Law & R. § 302(a)(1).

Plaintiffs have failed to establish jurisdiction. As stated above, they bear the initial burden of alleging through affidavits or other supporting materials, facts that establish personal

3

jurisdiction over the defendant. Plaintiffs in opposition to Defendants' motion submits a printed copy of Martin Transport, Ltd.'s web site, which nowhere states that it performs any services in New York. (See Pls.'s Mem. Opp. Defs.'s Mot. Ex. 1 at 1-5.) Furthermore, Defendants' acknowledged *de minimus* contacts with New York are insufficient to trigger personal jurisdiction under New York's long-arm statute or due process considerations, because there is no relationship between those contacts and the occurrences in this matter, and these contacts did not provide them with notice that they could be hauled into court in New York. See McGowan v. Smith, 52 N.Y.2d 268, 272, 437 N.Y.S.2d 643, 645, 419 N.E.2d 321, 323 (1981) (holding that even if defendant engaged in purposeful acts in New York, there must be a "substantial relationship" between those acts and the transaction upon which plaintiff's cause of action is based); World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286 (1980) ("the defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there . . . .").

Furthermore, Plaintiffs' argument that personal jurisdiction is established for Defendants under N.Y. Civ. Prac. Law & R. § 302(a)(3)(ii) because Plaintiffs' medical treatment has taken place in New York is unavailing, because this provision of the New York long-arm statute only confers personal jurisdiction in the situs of the injury, which in this case is Pennsylvania. "It is well established that the situs of the injury is the location where the event giving rise to the injury occurred, and not where the resultant damages occurred." O'Brien v. Hackensack Univ. Med. Center, 305 A.D.2d 199, 760 N.Y.S.2d 425 (1st Dep't 2003); see McGowan, 52 N.Y.2d at 275; Carte v. Parkoff, 152 A.D.2d 615, 543 N.Y.S.2d 718, 719 (2d Dep't 1989). "The residence of the injured party in New York," when the injury occurred elsewhere, "is not sufficient to satisfy the

4

clear statutory requirement of an 'injury within the state.'" McGowan, 52 N.Y.2d at 274-75.

Therefore, Plaintiffs have failed to make the requisite showing of this court's personal jurisdiction over this matter.

**B.     Venue**

This court shall now consider whether to dismiss or to transfer this matter pursuant to 28 U.S.C. § 1406(a), which in turn implicates the question of whether venue properly lies in this district. Under the statutory provision governing venue,

> [a] civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). In addition to lacking personal jurisdiction over the Defendants, this court does not have venue over this action, as the parties agree that (1) no defendant resides in the Eastern District of New York; (2) the actions giving rise to the claim occurred in Pennsylvania; and this court finds that (3) Defendants are not subject to personal jurisdiction in this district.

Having found that venue is not properly found in this district, I now turn to Title 28 of the United States Code, Section 1406(a): "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1405(a). The decision whether to dismiss or transfer lies within the sound discretion of the district court. Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir. 1993). "The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff

5

may have been in filing his case as to venue, whether the court in which it was filed had personal jurisdiction over the defendants or not." Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962); see also Corke v. Sameiet M. S. Song of Norway, 572 F.2d 77, 79 (2d Cir. 1978) (discussing the Goldlawr Court's holding that a transferor court's power to transfer a case under Section 1406 is not dependent on that court's personal jurisdiction over defendants). Even lacking personal jurisdiction over the Defendants, this court thus has the discretion to dismiss, or if in the interest of justice, transfer the case to any district or division in which it could have been brought.

This court finds that it is in the interests of justice to transfer this matter to a district that has personal jurisdiction over Defendants and where venue is proper. "Congress, by the enactment of § 1406(a), recognized that 'the interest of justice' may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by . . . 'time-consuming and justice-defeating technicalities.'" Goldlawr, 369 U.S. at 467 (quoting Internatio-Rotterdam, Inc., v. Thomsen, 218 F.2d 514, 517 (4th Cir. 1955)); see also Olberding v. Illinois C. R. Co., 346 U.S. 338, 341 (1953) ("The potentialities of damage by a motorist, in a population as mobile as ours, are such that those whom he injures must have opportunities of redress against him provided only that he is afforded an opportunity to defend himself.") Transfer is appropriate where it "would apparently enable appellant to obtain personal jurisdiction over some or all of the defendants." Corke, 572 F.2d at 80.

It is first clear that venue is proper in the judicial district in Pennsylvania in which the accident occurred.[3] As this is a tort action arising out of an automobile collision that took place in Pennsylvania, Pennsylvania is where "a substantial part of the events or omissions giving rise

---

[3] This court's brief search for "Loss City" did not reveal the judicial district in Pennsylvania in which the collision occurred.

to the claim occurred . . . ." 28 U.S.C. § 1391(a)(2). Although venue could theoretically lie where either defendant resides pursuant to 28 U.S.C. § 1391(a)(1), Plaintiff has not established that courts in Delaware or Wisconsin would have personal jurisdiction over Daniel, or that a court in Missouri would have personal jurisdiction over Defendant Marten Transport, Ltd. "The prevailing view is that the existence of personal jurisdiction in the transferee district is a prerequisite to a Section 1406(a) transfer." Int'l Flavors & Fragrances, Inc. v. Van Eeghen Int., 06-Civ.-490, 2006 U.S. Dist. LEXIS 45696, at *23 (S.D.N.Y. July 6, 2006). Moreover, Pennsylvania is a more logical venue than where either defendant resides, as the situs of the Plaintiffs' injuries is the sole basis of the relationship between the parties, and to the extent that there are witnesses of the collision or a need to examine the situs, it is the most convenient venue for the parties.

Furthermore, a court in Pennsylvania would have personal jurisdiction over the Defendants, as Pennsylvania's long-arm statute, 42 Pa. Cons. Stat. Ann. § 5322(b), authorizes Pennsylvania courts "to exercise personal jurisdiction over nonresident defendants to the constitutional limits of the due process clause of the fourteenth amendment." Remick v. Manfredy, 238 F.3d 248, 254 (3d Cir. 2001) (quoting Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1221 (3d Cir. 1992)). The Supreme Court has expressly held that personal jurisdiction is present if a plaintiff's cause of action arises out of a defendant's claim-specific contacts with the forum. World-Wide Volkswagen, 444 U.S. at 297; Vetrotex CertainTeed Corp. v. Consol. Fiber Glass Prod. Co., 75 F.3d 147, 151 n.3 (3d Cir. 1996). I therefore find that the Pennsylvania judicial district in which the collision occurred has personal jurisdiction over the Defendants, and is the proper venue for this action.

Pennsylvania's two year statute of limitation for tort actions, 42 Pa. Cons. Stat. § 5524(7); see also Haugh v. Allstate Ins. Co., 322 F.3d 227, 233 (3d Cir. 2003), provides an additional, compelling reason to transfer this matter to the relevant district in Pennsylvania in lieu of dismissal. As the events that gave rise to this action occurred over three years ago, Plaintiffs would be time-barred from pursuing this action were this court to dismiss their action. "A 'compelling reason' for transfer is generally acknowledged when a plaintiff's case, if dismissed, would be time-barred on refiling in the proper forum." Daniel v. Am. Bd. of Emergency Med., 428 F.3d 408, 435 (2d Cir. 2005) (quoting Phillips v. Seiter, 173 F.3d 609, 610 (7th Cir. 1999)).

This court therefore denies Defendants' motion to dismiss, and holds this matter open for thirty (30) days or until the parties inform the court in which judicial district in Pennsylvania the automobile accident occurred.

**III. CONCLUSION**

The Court may not exercise jurisdiction over Defendants, and venue in the Eastern District of New York is improper under 28 U.S.C. § 1391(a). However, this court finds that, in the interests of justice, this matter should be transferred to the district of the situs of Plaintiffs' injuries. Defendants' motion is therefore DENIED. I shall hold this case open for thirty (30) days for the parties to inform this court in which judicial district in Pennsylvania the automobile collision that gave rise to this suit occurred. Should Plaintiffs fail to apprise this court of the proper venue of this matter within thirty (30) days, this court shall dismiss this matter for failure to prosecute.

SO ORDERED.

Dated: August 23, 2006             /s/
       Brooklyn, N.Y.                Nicholas G. Garaufis
                                       United States District Judge